UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,

    Plaintiff,                                        U.S. District Court No. 1:05cv01574

vs.                                                  Hon. Rosemary M. Collyer

KFC PROPERTIES, INC.,

    Defendant.
_____/

**DEFENDANT KFC'S MOTION TO DISMISS THE COMPLAINT,
AND TO SANCTION PLAINTIFF FOR VEXATIOUS LITIGATION**

Defendant, KFC U.S. Properties, Inc. (incorrectly sued as KFC Properties, Inc.) ("KFC"), by its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C. and Venable, LLP, hereby moves pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiff's Complaint. KFC also seeks the entry of monetary and injunctive sanctions against Plaintiff for frivolous and vexatious litigation. For its Motion, KFC states:

    1.       Plaintiff is a former employee of KFC who, prior to filing the instant action, had filed nine other actions against KFC, each alleging a single common law tort claim arising out of his difficulty in obtaining his final KFC paycheck and his post-resignation arrest, prosecution and acquittal for an alleged theft of KFC's Company funds.

    2.       In this tenth action against KFC, Plaintiff charges that statements made by KFC in pleadings in some of the previous actions amount to the tort of "Fraud/Cover-Up."

    3.       Plaintiff's Complaint should be dismissed because it fails to state a claim on which relief can be granted. Statements in pleadings are absolutely privileged if a

reasonable person might think them relevant to the case in which they are filed, and a liberal construction must be employed in making that determination. There can be no question that the statements of which Plaintiff complains are relevant to the cases in which they were filed and hence they are absolutely privileged. Accordingly, Plaintiff's Complaint fails as a matter of law.

4.      Moreover, Plaintiff is clearly engaging in vexatious and frivolous litigation against KFC. While his latest Complaint, focused as it is on the litigation, is arguably not subject to the arbitration agreement that covers his other complaints, the latest Complaint is plainly and unquestionably subject to the defense of privilege. Plaintiff's primary objective appears to be to harass KFC, and he is clogging this Court's calendar in the process. KFC therefore asks the Court to order Plaintiff to pay KFC's actual costs (including attorney fees) of responding to this Complaint and preparing this Motion, and to enjoin Plaintiff from filing further complaints against KFC without the prior permission of this Court.

5.      Plaintiff's conduct makes clear that he would not grant concurrence in the relief sought herein, necessitating the bringing of this Motion.

WHEREFORE, for these reasons, developed in more detail in the Statement of Points and Authorities accompanying this Motion, KFC respectfully requests that this Court:

(1)     Dismiss the Complaint because it fails to state a claim on which relief can be granted;

(2)     Order Plaintiff to pay KFC's actual costs (including attorney fees) of responding to this Complaint and preparing this Motion; and

(3) Enjoin Plaintiff from filing further complaints against KFC without the prior permission of this Court.

        Respectfully submitted,

        KIENBAUM OPPERWALL HARDY
          & PELTON, P.L.C.


        By: s/Eric J. Pelton
           Eric J. Pelton
        Bar No. MI0007
        280 North Old Woodward Avenue
        Suite 400
        Birmingham, Michigan 48009
        (248) 645-0000
        (248) 645-1385 (facsimile)

        VENABLE, LLP
        By:    David Warner
        Bar No. 463079
        575 7th Street, NW
        Washington, DC  20004-1601
        (202) 344-8155
        (202) 344-8300 (facsimile)

Dated:  August 11, 2005        Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,

       Plaintiff,                        U.S. District Court No. 1:05cv01574

vs.                                           Hon. Rosemary M. Collyer

KFC PROPERTIES, INC.,

       Defendant.
_____/

**DEFENDANT KFC'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT,
AND TO SANCTION PLAINTIFF FOR VEXATIOUS LITIGATION**

**I. INTRODUCTION**

The instant case is one of <u>ten</u> actions filed by the <u>pro se</u> Plaintiff, Rev. Earnest Lee Hobley ("Hobley"), against Defendant KFC U.S. Properties, Inc. (incorrectly sued as KFC Properties, Inc.) ("KFC") in the Superior Court for the District of Columbia. Each action has been removed to this Court on the basis of diversity jurisdiction. The prior nine complaints purport to state an array of different (but often synonymous) torts against KFC, although the suits all share the same factual background and, as this Court is aware, are subject to an arbitration agreement between the parties. In the instant action, however, Plaintiff breaks new ground with claims -- arguably not subject to the arbitration agreement -- that statements made by Defendant in pleadings in some of the previous actions amount to "Fraud/Cover-Up."

Plaintiff's claim here should nevertheless be dismissed because it is barred by the absolute privilege that attaches to pleadings and statements made in court.

Plaintiff's Complaint, therefore, fails to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). Furthermore, due to the vexatious nature of Plaintiff's insistence on filing a series of duplicative lawsuits, the most recent of which plainly fails to state a valid claim, Plaintiff's behavior warrants the imposition of sanctions. Plaintiff should be required to pay Defendant's costs in responding to the most recent complaint, and the Court should enjoin him from filing any further actions against KFC.

## II. STATEMENT OF FACTUAL BACKGROUND

Hobley was employed as an Assistant Unit Manager in a KFC restaurant located in Washington, DC. He resigned on February 8, 2003. Hobley did not receive his final paycheck for some time, allegedly as the result of the actions of a KFC manager. The manager alerted police that a portion of the restaurant's receipts, which had been given to Hobley for deposit on February 7, 2003, were missing. Hobley was subsequently arrested on suspicion of theft, and was later acquitted. These events formed the factual basis of nine previous lawsuits that are all subject to the parties' arbitration agreement. Now, Plaintiff brings a tenth action, based on statements made by KFC in pleadings in the above actions, on a theory that Hobley characterizes as "Fraud/Cover-Up." (See Plaintiff's Complaint attached at Exhibit 1.) This action fails to state a claim on which relief can be granted, as the communications of which Hobley complains are covered by an absolute privilege.

## III. LEGAL ARGUMENT

**A.  Plaintiff's Claims Should Be Dismissed Because Statements Made In Court Pleadings Are Absolutely Privileged.**

Plaintiff's complaint fails to state a claim on which relief can be granted. Hobley alleges "Fraud/Cover-Up" based on several statements made by KFC in various

responsive pleadings to Hobley's allegations in prior suits. (Complaint, ¶¶ 6-13.) Due to the absolute privilege afforded to relevant statements made within pleadings, those statements may not serve as a basis for a legal action. Accordingly, this case should be dismissed.

It is well established in this Circuit that statements in pleadings are absolutely privileged if a reasonable person might think them relevant to the case in which they are filed. Williams v. Williams, 169 F. Supp. 860, 861 (D.D.C. 1958); Young v. Young, 18 F.2d 807, 808, 57 U.S. App. D.C. 157, 158 (D.C. Cir. 1927); Brown v. Shimabukuro, 118 F.2d 17, 18, 73 U.S. App. D.C. 194, 195 (D.C. Cir. 1941); Cassel v. Overholser, 169 F.2d 683, 83 U.S. App. D.C. 350 (D.C. Cir. 1948). As such, statements in pleadings which are in any way relevant to the case may not serve as the basis for a legal action; it is immaterial that the statements may be false and malicious. Williams, 169 F. Supp. at 861; Cassel, 169 F.2d at 350. Whether matter contained in a pleading is relevant to the issues of a case is a question of law for the court, and a liberal construction must be employed in making that determination. Young, 18 F.2d at 809. All doubts should be resolved in favor of the relevancy of the matter complained of. Id. at 809. Any statement to which the privilege does not extend, "must be so palpably wanting in relation to the subject matter of controversy that no reasonable man can doubt its irrelevancy and impropriety. . . ." Id.

Plaintiff alleges that Defendant deliberately made false statements in responsive pleadings in other interrelated actions. (Complaint, ¶¶ 6-13.) But, even if the statements in question are in fact false and malicious, Plaintiff's claim is inherently without merit because the statements are absolutely privileged so long as they bear

6

some degree of relevance to the case. Plaintiff has stated a claim that is barred by privilege, has failed to recognize the existence of that privilege, and has failed to allege any facts that would demonstrate the statements are so devoid of relevance to the actions in which they were made that they do not fall within the privilege.

Thus, Plaintiff has failed to state a claim on which relief can be granted, and this latest case should be dismissed.

**B.     Plaintiff Should Be Sanctioned For Vexatious Litigation.**

Plaintiff's insistence on filing multiple lawsuits stemming from the same facts, in conjunction with his insistence on filing a frivolous claim on which no relief can be granted, amounts to vexatious litigation and warrants the imposition of sanctions.

This Circuit has firmly established that a court may employ monetary or injunctive sanctions to deter a pro se litigant who files multiple frivolous actions from further abuse of the judicial process. In re American President Lines, Ltd., 804 F.2d 1307, 1310, 256 U.S. App. D.C. 278, 281 (D.C. Cir. 1986). Plaintiff should be ordered to pay KFC's actual costs, including attorney fees, for responding to his Complaint, as the claim is plainly barred by a privilege which Plaintiff has failed to recognize, rendering his claim frivolous. Moreover, injunctive relief is also proper in this case. "A prolific litigant who recycles old claims when he is not satisfied with a court's orders, thereby harassing the defendants and abusing the judicial system," may be barred from filing further complaints without leave of the court. Mikkilineni v. Penn National Mutual Casualty Ins. Co., 271 F. Supp. 2d 142, 143 (D.D.C. 2003). Injunctive remedies may be appropriate when a plaintiff files complaints or motions that are frivolous, harassing, or duplicative of prior filings. Urban v. United Nations, 768 F.2d 1497, 1500, 248 U.S. App. D.C. 64, 67

(D.C. Cir. 1985). The court should look to both the number and content of the filings to determine whether they are frivolous or harassing. In re Powell, 851 F.2d 427, 431, 271 U.S. App. D.C. 172, 176 (D.C. Cir. 1988).

      Plaintiff's instant claim is duplicative, frivolous, and fails to state a claim on which relief can be granted. Plaintiff has filed <u>nine</u> previous actions based on the same facts, and this Court has recognized Hobley as a vexatious litigant in some of his previous actions. (See Order at Exhibit 2.) The Court also recently held a status conference in five of the pending matters he filed after taking his appeal from the decision that he must submit his initial claims to arbitration, to reassure Plaintiff that, in the event the D.C. Circuit sustains the Court's ruling, it will retain jurisdiction of the case to oversee the arbitration process. Despite the Court's prior rulings, the pendency of his appeal, and the court's personal attention to this matter at the last status conference, Hobley has filed three more lawsuits -- which achieve nothing but to harass the Defendant and clog this Court's calendar. There is no reason to believe that Hobley will cease to bring further lawsuits of this nature.[1] Accordingly, he should be enjoined from filing any further complaints against KFC without the prior permission of the Court.

## IV. **CONCLUSION**

      For the foregoing reasons, KFC respectfully requests that this Court dismiss this action because Plaintiff has failed to state a claim on which relief can be granted. KFC also asks the Court to order Plaintiff to pay KFC's actual costs in responding to this

---

[1] Indeed, a few days ago KFC was served with an <u>eleventh</u> action growing out of the same controversy, which will also be removed to this Court presently. In that case, (D.C. Superior Court No. 05-0006129), Hobley asks $500,000,000.00 in damages on the basis that statements made in other KFC pleadings and an oral statement allegedly made by counsel at the August 8, 2004 status conference are libelous and slanderous.

Complaint and preparing this motion, including attorneys' fees, and to enjoin Plaintiff from filing further complaints against KFC without the prior permission of this Court.

        Respectfully submitted,

        KIENBAUM OPPERWALL HARDY
          & PELTON, P.L.C.

        By: s/Eric J. Pelton
           Eric J. Pelton
        Bar No. MI0007
        280 North Old Woodward Avenue
        Suite 400
        Birmingham, Michigan 48009
        (248) 645-0000
        (248) 645-1385 (facsimile)

        VENABLE, LLP
        By:    David Warner
        Bar No. 463079
        575 7th Street, NW
        Washington, DC  20004-1601
        (202) 344-8155
        (202) 344-8300 (facsimile)

Dated:  August 11, 2005        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed first-class, postage prepaid, a copy of the foregoing **Defendant KFC's Motion to Dismiss the Complaint, and to Sanction Plaintiff For Vexatious Litigation** and **Defendant KFC's Statement of Points and Authorities in Support of its Motion to Dismiss the Complaint, and to Sanction Plaintiff For Vexatious Litigation** to Rev. Earnest Lee Hobley, 413 Longfellow Street, N.W., Washington DC 20011.

                                                          s/Eric J. Pelton
                                                          Eric J. Pelton

L:\0001\044\BRF